UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERIC PRUIETT,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER
SGT DAVID REILLY, SHIELD #4245 AND N.Y.C.
POLICE OFFICER JEFFREY MILLENBACH, SHIELD
#2368, EACH SUED INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                            Defendants.

------------------------------------------------------------------------ x

**OPINION & ORDER**

11 CIV. 1737 (ALC) (JCF)

**ANDREW L. CARTER, JR., District Judge.**

      Plaintiff Eric Pruiett sued defendants New York City and certain New York City police officers for violations of 42 U.S.C. § 1983 in connection with claims for false arrest and use of excessive force. The case was referred to Magistrate Judge James C. Francis for general pretrial purposes. On February 6, 2012, a purported oral agreement was reached by plaintiff's then-attorney, Steven Hoffner, Esq. and counsel for the defendants, Erica Haber, to settle the dispute for $12,500, inclusive of costs and fees. However, Mr. Pruiett refused to sign the settlement paperwork. At a subsequent conference before Judge Francis to discuss the purported settlement, Mr. Pruiett discharged Mr. Hoffner as his attorney. Defendants then filed a motion to enforce the settlement agreement allegedly entered into on February 6, 2012. A hearing was held May 4, 2012, during which testimony was received from Ms. Haber, Mr. Hoffner, and Mr. Pruiett.

1

By report and recommendation, dated May 31, 2012 (the "Report"), familiarity with which is assumed, Judge Francis recommended that I grant defendants' motion. (ECF #20.) Mr. Pruiett filed timely written objections to the Report. (ECF # 22.) For the reasons set forth below, the Court adopts the Report's recommendation. Accordingly, defendants' motion to enforce the settlement is hereby GRANTED, and all of plaintiff's claims are hereby dismissed.

## DISCUSSION

### A.  Standard of Review

District courts review a magistrate judge's recommendations under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). However, if a party files objections to the magistrate judge's recommendations, then district courts conduct a de novo review of those matters to which a party filed an objection. Id. § 636(b)(1)(B), (C). Mr. Pruiett filed timely objections to Judge Francis's Report. Accordingly, the Court has conducted a de novo review of the objections.

### B.  The Report and the Objection

Mr. Pruiett, who has been proceeding pro se since Mr. Hoffner's discharge, objects to the Report on the ground that he never orally agreed to any settlement with Mr. Hoffner. Mr. Pruiett also states in his objection that he wants to renegotiate a new settlement because he believes the settlement amount to be too low in light of the alleged injuries he sustained. The Court has reviewed these issues de novo and agrees with the Report's conclusions. Judge Francis correctly applied the factors set forth in Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985), in determining whether the parties intended to be bound by the oral agreement, notwithstanding the absence of an executed document. As the Report correctly found: (1)

2

"neither party made any reservation to be bound only a written agreement," (2) "neither party has undertaken any performance," (3) "Mr. Pruiett authorized his attorney to settle for $12,500, and thus, . . . all settlement terms had been orally agreed to between the parties," and (4) "the straightforward settlement agreement at issue here . . . 'is not of complexity or magnitude that would always require a writing,'" (Report 14 (quoting Collick v. U.S., 552 F. Supp. 2d 349, 354 (E.D.N.Y. 2008)). The Court therefore adopts the Report's recommendation that oral settlement between the parties is enforceable. (Report 15.)

## CONCLUSION

For the reasons set forth above, defendants' motion is GRANTED. (ECF #17.) The Clerk is directed to close the close.

Defendants shall issue two separate checks: one to Mr. Hoffner in the amount of $4,450.00 (one third of the settlement, plus costs), and one to Mr. Pruiett in the amount of $8,050.00, to be mailed to him at the address listed on the Court's docket.

Dated:   New York, New York
         July 25, 2012

SO ORDERED.

ANDREW L. CARTER, JR.
United States District Judge

3